**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EUGENE SCALIA**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **ROBERT J. KAMPHUIS, JR., THOMAS D. ROSE,** | ) | |
| and the **DELIVER DENTAL SOLUTIONS, INC.** | ) | |
| **401(K) PLAN AND TRUST** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor

("Secretary"), alleges:

1.      This action arises under Title I of the Employee Retirement Income Security Act

of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary

under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices

that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches

of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable

relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

2.      This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29

U.S.C. § 1132(e)(1).

3.      The Deliver Dental Solutions, Inc. 401(k) Plan is an employee benefit plan within

the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), that is subject to the provisions of Title I of

ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).  The Plan is named as a defendant herein

pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

4.     Venue of this action lies in the Eastern District of Michigan pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is or was administered in Detroit, Wayne County, Michigan, within this district.

## BACKGROUND

5.     Deliver Dental Solutions, Inc. ("Deliver Dental"), was a Delaware corporation engaged in the business of providing consulting and management services in the dental industry in Detroit, Michigan, from June 15, 2010, until it ceased business operations in March 30, 2019.

6.     From 2014 through January 30, 2018, Deliver Dental was an adopting employer of the ADP TotalSource Retirement Savings Plan ("ADP Plan").

7.     During the period from 2014, through January 30, 2018, the ADP Plan provided that participants could elect to defer a portion of their wages to be contributed to the ADP Plan.

8.     During the period from 2014 through January 30, 2019, the ADP Plan documents provided that participants could obtain loans from the ADP Plan and elect to defer a portion of their wages to repay loans.

9.     From 2014 through January 30, 2018, Defendants Kamphuis and Rose ensured that Deliver Dental remitted all monies to ADP including employee salary deferral contribution and employee loan repayments for the ADP Plan.

10.     On January 31, 2018, Deliver Dental Solutions, Inc. 401(k) Plan and Trust ("Plan") was established.

11.     From at least January 31, 2018, through at least February, 2019, Deliver Dental was the sponsor of the Plan; the administrator of the Plan pursuant to ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A); a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and a party in interest to the Plan within the meaning of ERISA § 3(14)(C) and (G), 29 U.S.C.  § 1002(14)(C) and (G).

12.     During the period from January 31, 2018, through February 28, 2019, the Plan documents provided that participants could elect to defer a portion of their wages to be contributed to the Plan ("employee salary deferral contributions").

13.     During the period from January 31, 2018, through February 28, 2019, the Plan documents provided that participants could obtain loans from the Plan and elect to defer a portion of their wages to repay loans ("employee loan repayments").

## DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

1.     From at least 2014, through at least February 28, 2019, Robert W. Kamphuis, Jr., ("Defendant Kamphuis") was the 50% owner and president of Deliver Dental.

2.     From at least January 31, 2018 through February 28, 2019 Defendant Kamphuis was a fiduciary of the Plan who exercised authority and control over assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

3.     From at least 2014, through at least February 28, 2019, Thomas D. Rose ("Defendant Rose") was the 50% owner and corporate secretary of Deliver Dental.

4.      From at least January 31, 2018, through at least February 28, 2019, Defendant Rose was a fiduciary of the Plan who exercised authority and control over assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

5.      Defendant Kamphuis filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Michigan, Southern Division on April 10, 2019.

6.      Defendant Rose filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Michigan, Southern Division on April 10, 2019.

**COUNT ONE**
**Failure to Remit and Timely Remit Employee Salary Deferral**
**Contributions and Employee Loan Repayments to the Plan**

7.      Paragraphs 1 through 19 above are realleged and incorporated in these allegations.

8.      During the period from January 31, 2018, through February 28, 2019, Defendants Kamphuis and Rose had authority and control over whether Deliver Dental remitted withheld salary deferral contributions and employee loan repayments to the Plan and exercised such authority.

9.      During the period from January 31, 2018, through February 28, 2019, Deliver Dental withheld $64,389.01 in employee salary deferral contributions and employee loan repayments to the Plan from employees' paychecks, retained them in its general assets, and did not remit them to the Plan.

10.      During the period from January 31, 2018, through February 28, 2019, Defendants Kamphuis and Rose caused Deliver Dental to retain $64,389.01 in employee salary deferral

contributions and employee loan repayments to the Plan from employees' paychecks and failed

to ensure that these amounts were remitted to the Plan.  Defendants Kamphuis and Rose caused

Deliver Dental to hold the past-due participant Plan contributions in Deliver Dental's corporate

bank account beyond the time they were reasonably separable and used them to pay Deliver

Dental's general operating expenses.

11.     During the period from January 31, 2018, through February 28, 2019, Deliver Dental

withheld $69,047.39 (including unremitted amounts still outstanding) in employee salary deferral

contributions and employee loan repayments to the Plan from employees' paychecks, retained them

in its general assets, and did not remit them to the Plan in a timely manner.

12.     As of September 30, 2019, Defendants Kamphuis's and Rose's debt to the

Plan for unremitted and untimely remitted employee salary deferral contributions and employee loan

repayments is $68,413.00, including $64,389.01 in principal and $4,023.99 in lost opportunity costs[1]

using the higher of the Plan's rate of return or Internal Revenue Code § 6221 interest rates.

13.     Based on the facts described in paragraphs 20 through 25 above, Defendants

Kamphuis and Rose:

a.   failed to hold all assets of the Plan in trust in violation of ERISA § 403(a), 29

U.S.C. § 1103(a);

b.   permitted the Plan's assets to inure to the benefit of the employer and failed to

hold them for the exclusive purpose of providing benefits to Plan participants and their

beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA §

403(c)(1), 29 U.S.C. § 1103(c)(1);

---

[1] Lost opportunity costs continue to accrue until the losses are fully restored to the Plan.

c.   failed to act solely in the interest of Plan participants and their beneficiaries

and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries

and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A),

29 U.S.C. § 1104(a)(1)(A);

d.   caused the Plan to engage in transactions which he knew or should have

known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in

interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

e.   dealt with assets of the Plan in their own interest in violation of ERISA §

406(b)(1), 29 U.S.C. § 1106(b)(1); and

f.   acted on behalf of a party whose interests are adverse to the interests of the

Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29

U.S.C. § 1106(b)(2).

14.        As a direct and proximate result of Defendants Kamphuis' and Rose's

breaches, the Plan suffered injury and losses for which Defendants Kamphuis and Rose are

subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for a judgment:

A.      Permanently enjoining Defendants Kamphuis and Rose from violating the

provisions of Title I of ERISA;

B.      Ordering Defendants Kamphuis and Rose[2] to make good to the Plan all losses,

including lost opportunity costs, resulting from fiduciary breaches committed by them or for

which they are liable;

---

[2] On April 10, 2019, defendants Kamphuis and Rose filed a Chapter 7 bankruptcy petition in the Eastern District of Michigan Bankruptcy Court (Case Nos. 19-45450 and 19-45442, respectively). The Secretary filed Adversary

C.      Requiring Defendants Kamphuis and Rose to disgorge all profits received as a result of fiduciary breaches committed by them or for which they are liable;

D.      Ordering Defendants Kamphuis and Rose to correct the prohibited transactions in which they engaged;

E.      Removing Defendants Kamphuis and Rose from their positions as fiduciaries with respect to the Plan;

F.      Permanently enjoining Defendants Kamphuis and Rose from acting as fiduciaries or service providers to any ERISA-covered employee benefit plan;

G.      Appointing an independent fiduciary to terminate the Plan and issue distributions;

H.      Ordering Defendants Kamphuis and Rose to pay all reasonable fees and expenses incurred by the independent fiduciary;

I.      Awarding the Secretary the costs of this action; and

---

Complaints for Determination of Dischargeability of Debt on January 13, 2020. The Secretary's efforts to enforce the monetary portion of this Judgment against defendants Kamphuis and Rose will be consistent with the Bankruptcy Code.

J.      Ordering such further relief as is appropriate and just.

Dated:  February 13, 2020

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

S/ Edward V. Hartman
EDWARD HARTMAN
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, Illinois  60604
Phone: (312) 353-1143
Email: hartman.edward.v@dol.gov
IL Bar No. 6281839

Attorneys for **EUGENE SCALIA**
Secretary of Labor
U.S. Department of Labor

Local Counsel:

**MATTHEW SCHNEIDER**
United States Attorney

**PETER A. CAPLAN**
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Email:  peter.caplan@usdoj.gov