UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MILTON Al STEWART**, Acting Secretary of Labor[1], United States Department of Labor, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) Case No. 3:20-cv-10384-RHC-APP ) Hon. Robert H. Cleland |
| **ROBERT J. KAMPHUIS, JR., THOMAS D. ROSE,** and the **DELIVER DENTAL SOLUTIONS, INC. 401(K) PLAN AND TRUST** | ) ) ) ) |
| Defendants. | ) ) |

## CONSENT ORDER AND JUDGMENT

Milton Al Stewart, Acting Secretary of Labor, U.S. Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, filed a complaint against Defendants Robert J. Kamphuis, Jr. and Thomas D. Rose (collectively, "Defendants Kamphuis and Rose") alleging breaches of their fiduciary responsibilities under ERISA §§ 403, 404, and 406 with respect to the Deliver Dental Solutions, Inc. 401(K) Plan and Trust ("Plan").[2]

Defendants Kamphuis, Rose and the Plan waived service of process of the complaint and admitted to the jurisdiction of this Court over them and the subject matter of this action.

On October 21, 2020, the U.S. Bankruptcy Court for the Eastern District of Michigan, Southern Division, entered a *Judgment Determining Nondischargeability of Robert J. Kamphuis, Jr.'s Debt Owed to the Deliver Dental Systems, Inc. 401(K) Plan* in *Secretary of Labor v. Robert J. Kamphuis,*

---

[1] By operation of law, Milton Al Stewart, Acting Secretary of Labor, is substituted *sub nom.* for former Secretary of Labor, Eugene Scalia. *See* Fed.R.Civ.P. 25(d).
[2] The Plan was named as a defendant pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

*Jr.,* (Adv. Case. No. 20-04016-mar) (Doc. No. 24). The Bankruptcy Court found Defendant Kamphuis' total remaining debt to the Plan, consisting of unremitted employee salary deferral contributions, unremitted Plan participant loan repayments, liquidated Plan assets for non-Plan purposes, and associated lost opportunity costs, of $53,590.41 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

On October 21, 2020, the U.S. Bankruptcy Court for the Eastern District of Michigan, Southern Division, entered a *Judgment Determining Nondischargeability of Thomas D. Rose's Debt Owed to the Deliver Dental Systems, Inc. 401(K) Plan* in *Secretary of Labor v. Thomas D. Rose,* (Adv. Case. No. 20-04017-mar) (Doc. No. 24). The Bankruptcy Court found Defendant Rose's total debt to the Plan, consisting of unremitted employee salary deferral contributions, unremitted Plan participant loan repayments, liquidated Plan assets for non-Plan purposes, and associated lost opportunity costs, of $53,940.41 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

The Secretary, the Plan and Defendants Kamphuis and Rose agree to resolve all claims and issues between and among them and said parties do now consent to entry of this Consent Order and Judgment ("Judgment") by the Court.

Now, therefore, upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Judgment, and being fully advised in the premises, it is,

**ORDERED, ADJUDGED AND DECREED** that:

1. Defendants Kamphuis and Rose are immediately removed as fiduciaries to the Plan.

2. Defendants Kamphuis and Rose are permanently enjoined from acting as fiduciaries or service providers to any ERISA-covered employee benefit plan.

3. Defendant Rose is owed a total debt of $11,102.79, as a result of Defendant Rose and

2

Kamphuis' ERISA violations which consists of $10,197.41 in unremitted employee salary deferral contributions and employee loan repayments withheld from his salary, and $905.38 in allocation adjustments. Defendant Rose hereby waives repayment of this amount to his individual account in the Plan as part of the resolution of this matter.

4.     Defendants Kamphuis and Rose are jointly and severally liable to the Plan in the total amount of $42,487.62 ("restitution amount"), representing $38,900.60 in unremitted employee salary deferral contributions and loan repayments, and $3,587.02 in associated lost opportunity costs (calculated as of October 21, 2020). The $42,487.62 does not include the $11,102.79 owed to Defendant Rose, for which he waives repayment pursuant to Paragraph 3 above.

5.     Defendants Kamphuis and Rose shall restore the $42,487.62 owed to the Plan in accordance with the Payment Plan attached hereto and made part hereof as Exhibit A. The payments made pursuant to Exhibit A shall be paid to "John Polderman, Independent Fiduciary" and mailed to Simon PLC Attorneys & Counselors, 37000 Woodward Avenue, Suite 250, Bloomfield Hills, Michigan 48304.

6.     Upon final payment of the amount in paragraph 4 above, Defendants shall be and hereby are assessed a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $8,497.52. For purposes of calculating the penalty, the parties agree that the applicable recovery amount as defined in paragraph 4 above is $42,487.62.

     a.     Defendants hereby waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83.

     b.     Defendants agree to pay the penalty assessed by the Department of Labor ("DOL") pursuant to ERISA §502(l), 29 U.S.C. §1132(l) within 30 days of their final payment of funds to the Plan pursuant to paragraph 5 of this consent order and judgment unless Defendants

request a financial hardship or good faith waiver pursuant to ERISA §502(l)(2)(A) as provided in paragraphs 6(c), 6(d), and 6(e). Defendants agree to waive any other defenses or appeals if their waiver requests are denied or if they fail to seek said waiver within the time set forth in this paragraph. This document or a copy thereof can be used as evidence of their waiver of further defenses or appeals pursuant to ERISA §502(l).

   c. Defendants shall provide information, documents, or identify in writing (with a description of documents, the date is was created, and the date provided) any documents already provided to the EBSA Regional Director in support of any financial hardship or good faith waiver petition of the full amount assessed as a 502(l) Penalty or a portion thereof to the EBSA Regional Director within 30 days of final payment of the amount in paragraph 5 of this Consent Order and Judgment.

   d. The Secretary shall notify Defendants within 90 days of receiving the information identified in paragraph 6(c) above of his decision to grant or deny a waiver (in full or part). If the Secretary grants defendants a waiver, but only agrees to reduce the originally assessed 502(l) penalty identified in paragraph 6 above, the Secretary shall accept the reduced amount as full satisfaction of the total assessed penalty identified in paragraph 6 above. Defendants shall pay the reduced 502(l) Penalty under this paragraph within 30 days of the Secretary's determination identified in paragraph 6(c) above.

   e. If the Secretary denies the Defendants' petition for waiver in its entirety, Defendants shall pay the full 502(l) Penalty identified in paragraph 6 above within 30 days of the Secretary's determination identified in paragraph 6(d) above, as follows:

Defendants shall pay any penalty owed under paragraph 6 by remitting a check or money order payable to the United States Department of Labor. The check should be mailed to the following address:

*Standard (Regular U.S. Mail)*

ERISA Civil Penalty
P.O. Box 6200-36 Portland, OR 97228-6200

*Express or Commercial Overnight Mail*

U.S. Bank
Attn: ERISA Civil Penalty #6200-36 17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

The check or money order referenced in this paragraph shall reference EBSA Case No. 43-0111125.

7. Defendants Kamphuis and Rose have failed to administer the Plan, contrary to their fiduciary duties under ERISA, as alleged in the Secretary's Complaint. It is therefore appropriate that an Independent Fiduciary be appointed to terminate the Plan. The expenses associated with the appointment of an Independent Fiduciary shall be borne equally between Defendants and the Plan.

8. John Polderman, Esq. is hereby appointed as the Independent Fiduciary for the Plan. The Independent Fiduciary shall have the following powers, duties and responsibilities:

    a. The Independent Fiduciary shall have authority to collect, liquidate, manage, and distribute assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets and shall terminate the Plan and distribute the Plan's assets in accords with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., the Internal Revenue Code and this Judgement. The

5

Independent Fiduciary is specifically authorized to collect, from Defendants Kamphuis and Rose, outstanding funding liabilities owned to the Plan;

  b.  The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plans who is eligible to receive a payment under the terms of this Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

  c.  The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of participant account balances, recovery of amounts owed to the Plan and termination of the Plan;

  d.  The Independent Fiduciary may retain such persons and firms including but not limited to accountants, attorneys, and service providers, as may be reasonably required to perform his duties hereunder. The costs incurred by the Independent Fiduciary in retaining such persons are included in the Independent Fiduciary's fee; and

  e.  The Plaintiff and Defendants agree the compensation of the Independent Fiduciary shall be borne equally, fifty percent by the Plan and fifty percent by Defendants, with the understanding the Plan shall be liable for no more than $3,750.00, if the Independent Fiduciary's total fees are in excess of $7,500.00. If the Independent Fiduciary's fees are in excess of $7,500.00, Defendants agree they will be solely responsible for all fees over and above the Plan's $3,750.00 cap.

  f.  The Independent Fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112. The costs incurred by the independent fiduciary in obtaining such bonding shall be included in the independent fiduciary's fee; and

  g. Upon final termination of the Plan and distribution of the Plan's assets, the Independent Fiduciary shall provide proof of such termination and distribution of the Plan's assets to the Regional Director, Cincinnati Regional Office, Employee Benefits Security Administration, located at 1885 Dixie Highway, Suite 210, Fort Wright, KY 41011-2664.

  9. Defendants Kamphuis and Rose agree they will notify the EBSA Regional Director within 7 days of any change of his name, residence, telephone number, mailing address or employment until such time as all losses pursuant to this Consent Order and Judgment are restored.

  10. Each party agrees to bear his or her own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

  11. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

  12. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED **JAN 2 9 2021**, 2021

/s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Consent Judgment and Order.

**For Plaintiff Milton Al Stewart, Acting Secretary of Labor:**

STANLEY E. KEEN
Deputy Solicitor for National Operations
**CHRISTINE Z. HERI**
Regional Solicitor

Local Counsel:

**MATTHEW SCHNEIDER**
United States Attorney

**PETER A. CAPLAN**
Assistant U.S. Attorney

211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Email: peter.caplan@usdoj.gov

s/ Edward V. Hartman           01/21/21
**EDWARD HARTMAN**           Date
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Phone: (312) 353-1143
Email: hartman.edward.v@dol.gov
IL Bar No. 6281839

Attorneys for **MILTON AL STEWART**
Acting Secretary of Labor
U.S. Department of Labor

**FOR DEFENDANTS**

**ROBERT W. KAMPHUIS, JR.**

 s/ with consent of Robert W. Kamphuis, Jr. 1/21/21
**ROBERT W. KAMPHUIS, JR.**           Date

**THOMAS D. ROSE**

  s/ with consent of Thomas D. Rose  1/21/21
**THOMAS D. ROSE**           Date

 s/ with consent of Stuart A. Gold  1/21/21
**STUART A. GOLD (P27766)**           Date
24901 Northwestern Highway, Ste. 444
Southfield, Michigan 48075
P: (248) 350-8220
F: (248) 350-0519
sgold@glmpc.com
Attorney for Defendants

**For JOHN POLDERMAN, Proposed Independent Fiduciary**

s/ with consent of John Polderman 1/21/21
**JOHN POLDERMAN**           Date
Simon PLC Attorneys & Counselors
37000 Woodward Avenue, Ste. 250
Bloomfield Hills, Michigan 48304

8

The undersigned apply for and consent to the entry of this Consent Judgment and Order.

**For Plaintiff Eugene Scalia, Secretary of Labor:**

**KATE S. O'SCANNLAIN**
Solicitor of Labor
**CHRISTINE Z. HERI**
Regional Solicitor

Local Counsel:

S/
**EDWARD HARTMAN**          Date
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Phone: (312) 353-1143
Email: hartman.edward.v@dol.gov
IL Bar No. 6281839

**MATTHEW SCHNEIDER**
United States Attorney

**PETER A. CAPLAN**
Assistant U.S. Attorney

211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Email: peter.caplan@usdoj.gov

Attorneys for **EUGENE SCALIA**
Secretary of Labor
U.S. Department of Labor

**FOR DEFENDANTS**

**ROBERT W. KAMPHUIS, JR.**

**For John Polderman, Proposed Independent Fiduciary**

S/
**ROBERT W. KAMPHUIS, JR.**    Date

S/
**JOHN POLDERMAN**          Date
Simon PLC Attorneys & Counselors
37000 Woodward Avenue, Ste. 250
Bloomfield Hills, Michigan 48304

**THOMAS D. ROSE**

S/ *[signature]* 1/14/21
**THOMAS D. ROSE**          Date

Stuart A. Gold  Digitally signed by Stuart A. Gold
Date: 2021.01.20 13:49:00 -05'00'
S/
**STUART A. GOLD (P27766)**    Date
24901 Northwestern Highway, Ste. 444
Southfield, Michigan 48075
P: (248) 350-8220
F: (248) 350-0519
sgold@glmpc.com
Attorney for Defendants

9

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Consent Judgment and Order.

For Plaintiff Eugene Scalia, Secretary of Labor:

KATE S. O'SCANNLAIN
Solicitor of Labor
CHRISTINE Z. HERI
Regional Solicitor

Local Counsel:

S/

EDWARD HARTMAN　　　　Date
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Phone: (312) 353-1143
Email: hartman.edward.v@dol.gov
IL Bar No. 6281839

MATTHEW SCHNEIDER
United States Attorney

PETER A. CAPLAN
Assistant U.S. Attorney

211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Email: peter.caplan@usdoj.gov

Attorneys for EUGENE SCALIA
Secretary of Labor
U.S. Department of Labor

FOR DEFENDANTS

ROBERT W. KAMPHUIS, JR.

S/ Robert Kamphuis, Jr.　　1/14/2021
S/

ROBERT W. KAMPHUIS, JR.　　Date　　JOHN
POLDERMAN　　Date

For John Polderman, Proposed Independent Fiduciary

Simon PLC Attorneys & Counselors
37000 Woodward Avenue, Ste. 250
Bloomfield Hills, Michigan 48304

THOMAS D. ROSE

S/
THOMAS D. ROSE　　　　Date

S/ Stuart A. Gold
Digitally signed by Stuart A. Gold
Date: 2021.01.20

STUART A. GOLD (P27766)                Date
24901 Northwestern Highway, Ste. 444
Southfield, Michigan 48075
P: (248) 350-8220
F: (248) 350-0519
sgold@glmpc.com
Attorney for Defendants

9

# EXHIBIT A

| Date | Kamphuis Payment | Rose Payment | Total |
|---|---|---|---|
| February 20, 2021 | $4,450 | $2,225 | $6,675 |
| March 20, 2021 | $500 | $2,725 | $3,225 |
| April 20, 2021 | $500 | $500 | $1,000 |
| May 20, 2021 | $500 | $500 | $1,000 |
| June 20, 2021 | $500 | $500 | $1,000 |
| July 20, 2021 | $500 | $500 | $1,000 |
| August 20, 2021 | $500 | $500 | $1,000 |
| September 20, 2021 | $500 | $500 | $1,000 |
| October 20, 2021 | $500 | $500 | $1,000 |
| November 20, 2021 | $500 | $500 | $1,000 |
| December 20, 2021 | $500 | $500 | $1,000 |
| January 20, 2022 | $1,000 | $1,000 | $2,000 |
| February 20, 2022 | $1,000 | $1,000 | $2,000 |
| March 20, 2022 | $1,000 | $1,000 | $2,000 |
| April 20, 2022 | $1,000 | $1,000 | $2,000 |
| May 20, 2022 | $1,000 | $1,000 | $2,000 |
| June 20, 2022 | $1,000 | $1,000 | $2,000 |
| July 20, 2022 | $1,000 | $1,000 | $2,000 |
| August 20, 2022 | $1,000 | $1,000 | $2,000 |
| September 20, 2022 | $1,000 | $1,000 | $2,000 |
| October 20, 2022 | $1,000 | $1,000 | $2,000 |
| November 20, 2022 | $1,000 | $1,000 | $2,000 |
| December 20, 2022 | Final Payment (Remaining Balance + Opportunity Costs) | | |